SARAH D. COLLINS et al., complainants,

*v.*

MARY C. LEARY et al., defendants.

[Argued March 18th and 22d, 1910.　Decided September 16th, 1910.]

1. Complainant's deceased husband contracted with L., since deceased, that the latter should be permitted to use a patented dredging bucket in consideration of which complainant and her husband were to receive a conveyance of real estate, and to be paid a sum of money the amount of which was left to subsequent agreement, but which was never made. L. placed complainant and her husband in possession of the real property, but never conveyed the same, and after L.'s death his heirs sued in eject-

ment to recover the property, whereupon complainant filed a bill to restrain the ejectment suit and to compel conveyance of the real property and for an accounting.—*Held* that, while complainant would have been a competent witness if the suit had been solely to restrain the ejectment action and to compel a conveyance of the real property, she was not competent to testify with relation to matters involved in the accounting; that being a suit in which the personal representatives of L. were interested as parties.

2. Where L., in consideration of the right to use a patented dredging bucket, contracted to convey certain real estate to complainant and her husband, since deceased, and in partial performance placed complainant and her husband in possession, but did not convey the property, there was sufficient part performance to justify specific performance in equity, notwithstanding the statute of frauds.

3. Where L. contracted to convey to complainant and her husband, since deceased, certain real estate in partial consideration for the use of a patented dredging bucket, and also to pay a money consideration, the amount of which was left to subsequent negotiation but which was never determined, a court of equity in a suit to compel performance of the contract has no jurisdiction to direct an accounting and determination of the amount of the money payment; such determination being within the jurisdiction of a court of law in an action on a *quantum meruit* on an implied promise.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *74 N. J. Eq. (4 Buch.) 852.*

*Messrs. McDermott & Enright,* for the appellants.

*Mr. Robert H. McCarter,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The primary purpose of the bill in this case is to restrain an action of ejectment brought by those of the defendants who are the widow and heirs-at-law of James D. Leary, deceased, to recover from the complainant Sarah D. Collins, the widow of William A. Collins, deceased, the possession of a house and lot in the town of Bloomfield, and to compel the plaintiffs in the ejectment suit to execute a sufficient deed of conveyance of the property to Mrs. Collins. The bill also seeks to compel the defend-

ants to account to the complainants for reasonable royalties payable for the use and enjoyment of a certain dredging bucket patented by William A. Collins in his lifetime. The complainants rest their right to the relief sought upon an oral contract made between James D. Leary and William A. Collins in the year 1896. The vice-chancellor before whom the case was tried found from the proofs submitted at the hearing that a contract was made between Leary and Collins, by the terms of which a dredging company, of which Leary was the controlling spirit, was to have the use of the bucket patented by Collins, and that, as a consideration for such use, Leary was to convey to Collins's wife the Bloomfield house and lot, and also pay to him a money consideration, the amount of which was afterward to be determined upon by them. He further found that Collins and his wife entered into possession of the Bloomfield property under that agreement, and that Mrs. Collins has remained in possession thereunder ever since; but that no conveyance of it had ever been given to her, the deed having been withheld until the money consideration could be agreed upon. He further found that Collins had performed his part of the contract by allowing the dredging company to use the bucket from the time the contract was made down to his death, and that the company had continued to use the same under the contract ever since that event. He further found that the amount of the money consideration to be paid by Leary had never been agreed upon by the parties while living, nor by their representatives afterwards. On these findings he advised a decree that the defendants be perpetually restrained from further prosecuting their action of ejectment; that they be compelled to convey the Bloomfield property to Mrs. Collins; and that they be directed to account to her, as the administratrix of her deceased husband, for the reasonable value of the use and enjoyment of the dredging bucket over and above the value of the Bloomfield property, and that a reference be made to a master to take and state such account. A decree was entered in accordance with this advice, and from it the defendants appeal.

Our examination of the proofs satisfies us that the learned vice-chancellor was justified in his findings of fact; and we reach that conclusion without considering the testimony of Mrs. Col-

lins, who, although she would have been a competent witness if the suit had been solely for the purpose of restraining the action of ejectment, and compelling a conveyance of the Bloomfield property (*Smith* v. *Smith, 52 N. J. Law (23 Vr.) 207*), was not competent to testify with relation to matters involved in the accounting, that being a suit in which the personal representatives of Mr. Leary were interested as parties.

But we are compelled to dissent from the view of the vice-chancellor as to the scope of the relief to which the complainants are entitled under their bill.

The contract between Mr. Leary and Mr. Collins was entirely performed by the latter. It was partly performed by Mr. Leary to this extent, that he put Mrs. Collins into possession of the Bloomfield property in execution thereof. The contract, so far as it involved matters to be done by Mr. Leary, was made up of two independent provisions—one, the conveyance of a specified piece of real estate, the other, the payment of a sum of money to be afterward agreed upon. So far as the first provision is concerned, it is complete and certain in all its parts. The partial performance of it is of such a character as to justify a court of equity in specifically enforcing it, notwithstanding the statute of frauds. *Cooper* v. *Colson, 66 N. J. Eq. (21 Dick.) 328.* The restraint of the action of ejectment is a corollary of the right to compel the conveyance of the property. So far, therefore, as the decree deals with this phase of the case, it is entirely unobjectionable.

But the ascertainment of the amount which should be paid in cash to the complainant as executrix of her deceased husband, as a further consideration for the right to use the dredging bucket is, in our opinion, not the province of a court of equity. Although the rights and obligations of the parties are entirely contractual, yet so far as the payment of money by the defendants is involved, that arises, not out of the express agreement of Mr. Leary to pay such sum as should be determined upon by him and Mr. Collins— for their minds never came together upon this point—but out of the implied agreement, which the law raises up, to pay what was reasonable and fair between man and man in case Mr. Collins

should perform his part of the contract, and Mr. Leary should receive the full benefit of such performance, and the parties thereafter should be unable to agree between themselves as to the exact sum to be paid. The function of determining the amount due on such an implied promise is one to be exercised by a jury in an action brought in a law court upon a *quantum meruit,* and not by a court of equity in a suit brought for the specific performance of a contract.

The conclusion which we reach is that the decree appealed from, to the extent that it directs the defendants to account to the complainants for the use of the patented bucket, should be reversed, and that in all other respects it should be affirmed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TREN-CHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VRE-DENBURGH, VROOM, GRAY, DILL, CONGDON—14.